# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| STANLEY D. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 3:14-CV-135 |
| | ) | |
| B & J ROCKET AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the court on the "Motion to Reconsider December 1, 2015 Opinion and Order or, Alternatively, to Certify for Interlocutory Appeal" filed by Defendant B & J Rocket America, Inc. (DE 29). Plaintiff Stanley Jones filed a brief in opposition to the motion (DE 33) and B & J Rocket filed a reply (DE 36). For the reasons discussed below, the motion is DENIED. A telephonic scheduling conference will be set in this case by separate docket entry.

## BACKGROUND

Stanley Jones began working for Middlebury Enterprises, Inc., the predecessor of B & J Rocket, in March of 1993 as a saw operator. Jones held various positions with the company, including press operator, press operator supervisor, and machine maintenance, and ultimately was promoted to plant manager. In 2009, B & J Rocket purchased Middlebury and retained the latter's employees, including Jones. On March 5, 2012, B & J Rocket hired a new plant manager and Jones was demoted to assistant plant manager. Finally, on October 22, 2012, Jones was told that his employment with B & J Rocket would be terminated as of December 31. He signed a "retirement announcement" in mid-December and received a severance payment equal to three month's salary. Jones was 63 years old at the time.

Jones filed a Charge of Discrimination with the EEOC on April 3, 2013, alleging that he

was terminated because of his age and his disability.[1] After receiving a Notice of Right to Sue

letter, Jones filed this lawsuit, alleging in his Complaint that B & J Rocket discriminated against

him in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the

Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* Complaint, pp. 4-5. B & J Rocket

contends that Jones' demotion and eventual termination (or "forced" retirement, but this

distinction is not relevant for present purposes) were not based on his age or disability at all, but

rather on the company's conclusion that it needed to hire a new plant manager since Jones had

stated the planned to retire in a few years and because Jones' work performance was not meeting

the company's legitimate expectations.

B & J Rocket filed a motion for summary judgment on June 29, 2015 (DE 20), seeking

judgment in its favor as to both Jones' age claim and disability claim. B & J Rocket argued that

1) Jones failed to file his charge of discrimination in a timely manner, and 2) Jones failed to

present sufficient evidence to establish a *prima facie* case of age or disability discrimination. On

December 1, 2015, this court entered an Opinion and Order granting B & J Rocket's motion as to

Jones' claims based on his demotion and denying the motion as to his claims based on his

termination. Opinion and Order (DE 25).

In its motion to reconsider, B & J Rocket states that "[i]n its Opinion and Order . . . the

---

[1] Jones had medical issues related to his legs throughout the time he was employed at B & J (the result of wounds suffered during the Vietnam War), and often used a motorized scooter to make it easier to move around at work. In 2010 Jones had a stent placed in his right leg and in 2011 he had bypass surgery on his left leg.

Court appears to have patently misunderstood B & J Rocket and, as a result, did not address two legal arguments that were advanced by B & J Rocket in support of its Motion for Summary Judgment." Motion to Reconsider, p. 2. B & J Rocket elaborates as follows:

> First, even if Bent Andersen was the decision-maker or had sufficient input with respect to the decision to terminate Jones' employment as assistant plant manager, B & J Rocket explained that Bent Andersen's comment alone does not directly point to an unlawful discriminatory motive because it was not made around the time of–and did not make any reference to–the termination of Jones' employment as assistant plant manager. . . . Second, B & J Rocket explained that Jones may not use evidence of time-barred conduct to establish his prima facie case of discrimination with respect to Jones' termination as assistant plant manager.

*Id*., pp. 2-3. B & J Rocket maintains that the court should reexamine its December 1 order with respect to these specific legal points and grant summary judgment in its entirety as to both of Jones' claims. In the alternative, B & J Rocket moves the court to certify this case for interlocutory appeal to permit the company to present its arguments to the Seventh Circuit Court of Appeals.

## DISCUSSION

### I. Procedural Issue.

As a threshold matter, B & J Rocket brought its present motion under Fed.R.Civ.P. 54(b). Defendant's Motion, p. 1. Jones contends that "[t]he Court's December 1, 2015[,] opinion was not a final judgment and is therefore not properly appealable under Rule 54(b)." Plaintiff's Response, p. 1. Jones maintains that the court's order is not a "final" judgment "because any order certified [for interlocutory appeal] under the rule must meet the finality requirements of 28 U.S.C. § 1291. . . . This Court should therefore deny Defendant's motion under Rule 54(b) because the Court's December 1, 2015[, order] is not a final judgment and cannot properly be

3

certified under Rule 54(b)." *Id*., pp. 1-2. B & J Rocket responds by arguing that Jones is

confusing Rule 54(b) with Rule 59(e) or, more specifically, that "Jones misapprehends the relief

requested by B & J Rocket and the federal rules governing motions to reconsider." Defendant's

Reply, p. 2. B & J Rocket argues that it "has requested the Court to reconsider–not enter final

judgment on–its Opinion and Order." *Id*. The company states that ". . . Rule 54(b) . . . provides a

mechanism for a district court to reconsider its own interlocutory orders 'at any time before the

entry of judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Id*., p. 3

(quoting Rule 54(b) and citing *Sandifer v. U.S. Steel Corp*., 2010 WL 61971 * 1 (N.D.Ind. Jan. 5,

2015)). In contrast, "'Rule 59(e) does not apply until . . . a final judgment has been entered.'" *Id*.,

(quoting *Livingston Downs Racing Ass'n, Inc. v. Jefferson Downs Corp.*, 259 F.Supp. 471, 475

(M.D.La. 2002)). . . . Rather, Rule 54(b) provides a district court with the inherent authority to

reconsider its own interlocutory orders or decisions before a final judgment has been entered." *Id*.

(citing *Powers v. USF Holland, Inc.*, 2015 WL 3905261 * 1 (N.D.Ind. June 25, 2015)).

Accordingly, argues B & J Rocket, "since a final judgment has not been entered in this action,

the Court should . . . reconsider and revise its Opinion and Order to grant B & J Rocket's Motion

for Summary Judgment." *Id*.

    B & J Rocket is correct that Fed.R.Civ.P. 54(b) applies in this instance, as opposed to

Jones' contention that the present motion should "actually [be] made under Rule 59(e), rather

than Rule 54(b)[.]" Plaintiff's Reply, p. 2. Rule 59 permits a party to seek a new trial, or request

that a court alter or amend a judgment rendered following trial. But of course, no such final

judgment has been entered in this case, and so Rule 59 is inapplicable. B & J Rocket properly

brought its present motion under Rule 54(b). This issue is essentially moot, however, since the

Defendant's motion fails anyway for the reasons discussed in this order.

The *Sandifer* case cited by B & J Rocket sets forth the standard of review for motions to

reconsider and requests for interlocutory appeal, and also explains the interplay between Rule

54(b) and 28 U.S.C. § 1292:

> Federal Rule of Civil Procedure 54(b) provides that a court may alter or amend an
> interlocutory order any time before entry of final judgment. *See Moses H. Cone*
> *Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d
> 765 (1983) ("[E]very order short of a final decree is subject to reopening at the
> discretion of the district judge."). Unlike a motion to reconsider a final judgment,
> which must meet the requirements of Federal Rules of Civil Procedure 59 or 60,
> "a motion to reconsider an interlocutory order may be entertained and granted as
> justice requires." *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F.Supp. 1154, 1160
> (N.D.Ind. 1995).
>
> Reconsideration of an interlocutory order may be appropriate when the facts or
> law on which the decision was based change significantly after issuance of the
> order, or when the court has misunderstood a party, made a decision outside the
> adversarial issues presented by the parties, or made an error not of reasoning but
> of apprehension. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d
> 1185, 1191 (7th Cir. 1990). "These grounds represent extraordinary
> circumstances, and the granting of a motion to reconsider is to be granted only in
> such extraordinary circumstances . . . Indeed, the court's orders are not mere first
> drafts, subject to revision and reconsideration at a litigant's pleasure." *United*
> *States Securities and Exch. Comm'n v. National Presto Indus., Inc.*, . . . 2004 WL
> 1093390, at *2 (N.D.Ill. Apr. 28, 2004). Motions to reconsider serve a limited
> function: "to correct manifest errors of law or fact or to present newly discovered
> evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264,
> 1269 (7th Cir. 1996).

*Sandifer*, 2010 WL 61971 at *1. As to interlocutory appeals, the court in *Sandifer* explained as

follows:

> Interlocutory appeals are governed by 28 U.S.C. § 1292(b), which provides, in
> pertinent part, that:
>
> When a district judge, in making in a civil action an order not otherwise
> appealable under this section, shall be of the opinion that such order involves a
> controlling question of law as to which there is substantial ground for difference

of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Certification under § 1292(b) requires four statutory criteria be met: (1) there must be a question of *law;* (2) it must be *controlling;* (3) it must be *contestable;* and (4) its resolution must promise to *speed up* the litigation. *Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed. Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b)." *Id.* "Certification is the exception and not the rule." *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F.Supp. 1078, 1081 (N.D.Ill.1995).

*Id*. at *2 (italics in original). It is clear then, and well-established, that district courts may entertain motions to reconsider only in very limited circumstances and for very limited reasons. One of those reasons is "when the court misunderstood a party" or "made an error not of reasoning but of apprehension." This is the basis for B & J Rocket's present motion. The company argues that this court "patently misunderstood B & J Rocket and, as a result, did not address two legal arguments that were advanced by B & J Rocket in support of its motion for summary judgment." Motion to Reconsider, p. 2. But while B & J Rocket couches its argument in this way, implying that the error in the court's December 1 order was one of apprehension (that is, a failure by the court to understand and address Defendant's arguments), what the company is really challenging, in fact, is the court's reasoning and conclusions. The debate boils down to this: B & J Rocket contends that the court failed to understand and address two of its arguments in support of its motion for summary judgment, while Jones maintains (and the court agrees) that the court *did* understand the arguments but rejected them.

**II. Consideration of Bent Andersen's Alleged Comment.**

B & J Rocket's first argument is that the court erred in concluding that Bent Andersen's

alleged comment to Jones was evidence of discrimination under the direct method of proof.[2] The

company contends, as it did in its original motion for summary judgment, that the age-related

comment that Andersen allegedly made to Jones cannot be used as direct evidence of

discrimination since Andersen did not make the decision to fire Jones, his alleged comment was

too remote in time (the alleged comment was made in February 2012, but Jones' was not

terminated until December), and the comment was not made in reference to Jones' termination,

but only his demotion. For these reasons, argues B & J Rocket, "Andersen's alleged comment

was not causally related to the decision to terminate Jones[.]" Motion to Reconsider, p. 5. In

support of this argument, B & J Rocket cites and discusses the case of *Fortier v. Ameritech

Mobile Communications, Inc.*, 161 F.3d 1106 (7th Cir. 1998). In *Fortier*, the plaintiff had been

demoted, allegedly due to a departmental restructuring within the company. Five months later,

the plaintiff was fired for alleged poor performance. The plaintiff claimed that at the time he was

demoted, his supervisor told him that she wanted a woman to handle the duties the plaintiff had

been handling. The plaintiff brought a Title VII gender discrimination claim (among others)

against Ameritech and cited his supervisor's comment as direct evidence of that discrimination.

---

[2] Jones stated in his deposition that when he asked Andersen if it was true that the
company was replacing him as plant manager, Andersen responded by saying "Yes, we're
replacing you because of your age and your health. But don't worry. You'll get to work until
you're 66 because it's going to take a long time to train this new guy, whoever we find." Jones
Deposition, DE 23-2, Exh. 1, p. 36. B & J Rocket notes that in his charge of discrimination Jones
indicated that Andersen's statement was something along the lines of "'[b]ecause of your age and
health, and the fact that there is no one who can run this plant, we have decided to look for
someone you can train as your replacement when you retire. This will take quite some time
because there is a lot to learn.'" Defendant's Motion to Reconsider, p. 5, n. 1 (quoting EEOC
Charge of Discrimination, DE 20-2, p. 41). B & J Rocket concedes that the exact wording of
Andersen's alleged statement is not important; what is important, according to B & J Rocket, is
that "both versions specifically reference Jones' replacement as plant manager and neither
version makes any reference to any termination of his employment." *Id*.

The Seventh Circuit held that the supervisor's comment did not constitute direct evidence of

discrimination, reasoning as follows:

> [The supervisor's] comment about wanting a woman in the . . . position was
> related to *an* employment decision, but not to one that, on this record, was tied to
> the ultimate termination decision. Therefore, this remark cannot constitute,
> without more, direct evidence of discrimination.

*Fortier*, 161 F.3d at 1111-12 (italics in original). The Seventh Circuit concluded, based on this

reasoning (and on the specific factual circumstances of the case), that the supervisor's remark

was not causally related to the plaintiff's termination and so did not constitute direct evidence of

discriminatory motive. *Id.* B & J Rocket argues, then, that "like the two employment actions at

issue in *Fortier* . . . the two employment actions at issue in the present case were not causally

linked or related . . ." and so could not be considered when analyzing Jones' claim under the

direct method of proof. Motion to Reconsider, pp. 7-8. B & J Rocket concludes by stating that

"since Bent Andersen's alleged comment was unrelated to the termination of Jones' employment

as assistant plant manager, the Seventh Circuit has made clear that his alleged 'remarks unrelated

to the employment decision in question may not overcome summary judgment if they stand alone

as evidence of the employer's discriminatory intention.'" *Id*., p. 11 (quoting *Marshall v.

American Hosp. Ass'n*, 157 F.3d 520, 526 (7th Cir. 1998)).

B & J Rocket presented these same arguments in its motion for summary judgment and

the court addressed them at some length. *See* Opinion and Order, DE 25, pp. 12-15. The

company's attempt to rephrase or recharacterize its arguments does not change the outcome. In

its opinion, the court did not conclude that Andersen's statement constituted direct evidence of

discriminatory intent. The court did conclude, however, that the alleged comment was relevant

when considering the "mosaic" of evidence Jones presented in opposition to the motion for summary judgment. *Id.*, pp. 14-15. This conclusion was based on the particular facts of this case–specifically on the chain of events that led up to Jones' termination and the fact that the alleged statement raised credibility issues the resolution of which are the sole province of the jury. *Id.* The court concluded its discussion of this issue by stating that "[t]his is all true regardless of whether the comment is characterized as 'direct' evidence or is considered part of the broader 'mosaic' the Plaintiff is attempting to present." *Id.*, p. 15. Perhaps that sentence was inartful, to the extent that B & J Rocket interpreted it to mean that the court was concluding that Andersen's alleged statement, standing alone, constituted direct evidence of discrimination. The court tried to take pains to point out that the distinction between direct and circumstantial evidence of discrimination is not always clear. "'[D]irect" proof of discrimination is not limited to near-admissions by the employer that its decisions were based on a proscribed criterion (e.g., 'You're too old to work here.'), but also *includes circumstantial evidence* which suggests discrimination through a longer chain of inferences. *Luks* [*v. Baxter Healthcare Corp.*], 467 F.3d [1049,] 1053 [(7th Cir. 2006)] (emphasis supplied).'" *Id.*, pp. 10-11(quoting *Atanus v. Perry*, 520 F.3d 662, 672 (7th Cir. 2008)). The court concluded that Andersen's alleged statement was part of the circumstantial evidence that Jones presented, i.e., that a jury could consider it as part of a "chain of inferences." The court also addressed B & J Rocket's other arguments regarding Andersen's statement–that Andersen did not make the final decision to terminate Jones, that his statement was too remote in time, and that it pertained only to Jones' demotion and not to his termination–and rejected those arguments also. *Id.*, pp. 12-15. B & J Rocket's attempt to reframe this issue does not change the court's analysis or conclusion. The court concluded only that the

9

alleged comment could be considered, along with other evidence presented by Jones, when

assessing the sufficiency of Jones' claims in the context of summary judgment. *Id.* The court

does not believe that it misunderstood B & J Rocket's argument on this point and reaffirms the

reasoning, analysis, and conclusions set forth in its Opinion and Order of December 1, 2015.

### III. Consideration of Time-Barred Conduct Under the Indirect Method of Proof.

B & J Rocket's second argument is that the court "patently misunderstood–and, as a

result, did not address–B & J Rocket's argument that, under the indirect method of proof, Jones

may not use evidence of time-barred conduct to establish a *prima facie* case of discrimination[.]"

Defendant's Motion to Reconsider, p. 12. Specifically, B & J Rocket argues that the court erred

in considering the fact that Jones was demoted when the court was analyzing the fourth prong of

Jones' *prima facie* case of discrimination (i.e., whether a similarly situated younger employee

was treated more favorably). Here is how B & J Rocket explains it:

> In its [December 1, 2015,] Opinion and Order, the court held that any evidence
> that B & J Rocket allegedly discriminated against Jones when Mark Wallick was
> hired as plant manager and Jones was demoted to assistant plant manager is time-
> barred. In fact, the Court observed that "it is clear (and maybe even undisputed)
> that Jones's EEOC charge was not filed within the time limits imposed by statute,
> at least as they apply to the event of his demotion." . . . Accordingly, the Court
> held that "B & J [Rocket] is entitled to summary judgment in its favor as to any
> claim asserted against it by Jones that is based on his demotion." . . . In addition,
> the Court held that "Jones' demotion cannot serve as the foundation (i.e., adverse
> employment action) for either his ADEA claim or his ADA claim." . . . Later in its
> Opinion and Order, however, the Court permitted Jones to use this time-barred
> conduct to establish a prima facie case of discrimination with respect to the
> termination of his employment as assistant plant manager.

Defendant's Motion to Reconsider, pp. 14-15. B & J Rocket argues that this was error on the part

of this court since "evidence of time-barred conduct cannot be used to establish a prima facie

case of discrimination under the indirect method of proof." *Id.*, p. 15 (citing *Turlington v. Atlanta*

10

*Gas Light Co.*, 135 F.3d 1428 (11th Cir. 1998)). Again, the court concludes that it did not

misunderstand B & J Rocket's argument. The court did indeed conclude that Jones' demotion

"cannot serve as the foundation . . . for either his ADEA claim or his ADA claim" and, as a

result, granted B & J Rocket's motion for summary judgment on that point. It is also true that the

court mentioned the undisputed fact that Jones was demoted when analyzing Jones' evidence in

the context of the indirect method of proof. But while the court determined that Jones' demotion

could not serve as the basis for a discrimination claim, the undisputed fact that he was demoted

to assistant plant manager at the same time his replacement, Mark Wallick, was hired as plant

manager was referenced merely to provide context to the court's reasoning and conclusion

regarding the issue of the fourth prong of the indirect method of proof.

Simply put, B & J Rocket says that the court, after concluding that Jones' demotion was

not actionable because it was time-barred, then went on to consider that time-barred conduct

when analyzing Jones' claims under the indirect method of proof. If that were true, then B & J

Rocket's point might be well taken, at least according to the Eleventh Circuit's language in

*Turlington*. But that's not what happened here. The confusion might stem from the following

sentence in this court's earlier opinion:

> Jones was B & J's plant manager for several years until the day Wallick was hired
> and Jones was demoted, either formally or informally, to assistant plant manager.

Opinion and Order, pp. 19-20. That is the only mention of Jones' demotion in the portion of the

court's opinion that B & J Rocket challenges. But mere reference to this fact is not the same as

considering it as evidence to support Jones' burden under the indirect method of proof. So while

Jones' demotion cannot be the basis of a discrimination claim, since it is time-barred for that

purpose, the demotion was referenced because it was factually relevant to understanding the

court's reasoning and conclusion on the issue of whether Wallick was a valid "comparator." Not

only was Jones' demotion not a determinative factor in the court's analysis of this specific issue,

it was only tangentially related. So while the court referenced the demotion event in its

discussion of the "comparator" issue, it did not, as B & J Rocket claims, "permit[] Jones to use

this time-barred conduct to establish a prima facie case of discrimination with respect to the

termination of his employment as assistant plant manager." Defendant's Motion to Reconsider,

pp. 14-15.

Furthermore, B & J Rocket's argument on this point ignores another well-established

legal rule–one that this court addressed decades ago:

> Several courts . . . hold that time-barred claims can be used as "relevant
> background" to a timely-filed claim:
>
>> A discriminatory act which is not made the basis for a timely charge is the
>> legal equivalent of a discriminatory act which occurred before the statute
>> was passed. *It may constitute relevant background evidence in a proceeding*
>> in which the status of a current practice is at issue, but separately
>> considered, it is merely an unfortunate event in history which has no present
>> legal consequences.
>
> *United Airlines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52
> L.Ed.2d 571 (1977) (emphasis supplied). *See Valentino v. United States Postal
> Service*, 674 F.2d 56, 66 n. 11 (D.C.Cir. 1982) ("employment practices in the time
> barred period may serve as relevant background evidence"); *Hooker v. Tufts
> Univ.*, 581 F.Supp. 98, 101 (D.Mass. 1983); *James v. KID Broadcasting Corp.*,
> 559 F.Supp. 1153, 1155 (D.Idaho 1983). Some courts speak of the time-barred
> claims as useful in establishing a "continuing violation" of Title VII, *see
> Hazlewood School Dist. v. United States*, 433 U.S. 299, 310 n. 15, 97 S.Ct. 2736,
> 2742 n. 15, 53 L.Ed.2d 768 (1977); *Stewart v. CPC International, Inc.*, 679 F.2d
> 117, 120–21 (7th Cir.1982); *Valentino*; others speak of the evidence as assisting
> in establishing a discriminatory intent or a pattern of discrimination, *see Hooker*;
> *Hunter v. Westinghouse Elec. Corp.*, 576 F.Supp. 704, 722 n. 16 (S.D.Ohio 1983);
> *Cormier v. P.P.G. Industries, Inc.*, 519 F.Supp. 211, 216 (W.D.La. 1981), *aff'd*,

702 F.2d 567 (5th Cir. 1983).

> The message of this line of cases is that time-barred incidents of discrimination
> are not to be erased from a case because of their tardiness. Certainly, no relief can
> be obtained for those acts; [and they] must be dismissed as [discrimination]
> claims. However, those events may be used as background to [the plaintiff's
> timely] claim. . .; they may be probative evidence of [the employer's] intent.

*Abdulrahim v. Gene B. Glick Co., Inc.*, 612 F.Supp. 256, 260 (N.D.Ind. 1985); *see also*, *Knight v. Entertainment Publications, Inc.*, 1995 WL 583916, at *3 (N.D.Ill. Sept. 26, 1995) ("[t]ime-barred incidents of . . . employment discrimination are not to be automatically erased from a case because of their tardiness. Although no relief can be obtained for time-barred acts, those acts may be used as background for a timely claim and may be probative evidence of an employer's intent."  (Citing *Abdulrahim*, 612 F.Supp. 256 and *Greene v. Term City, Inc.*, 828 F.Supp. 584 (N.D.Ill. 1993).) This was the purpose for the court's mention of Jones' demotion in its previous order. For these reasons, the court does not believe that it misunderstood B & J Rocket's argument and reaffirms the reasoning, analysis, and conclusions set forth in its Opinion and Order of December 1, 2015.

### IV. Request for Interlocutory Appeal.

As the court noted above, "[c]ertification under § 1292(b) requires four statutory criteria be met: (1) there must be a question of *law;* (2) it must be *controlling;* (3) it must be *contestable;* and (4) its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of the Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "Unless *all* these criteria are satisfied, the district court may not and should not certify its order . . . for an immediate appeal . . . ." *Id*. (emphasis in original). It is also important to note, as Jones points out

in his response brief, that "'Section 1292(b) was not intended to make denials of summary judgment routinely appealable.'" Plaintiff's Response (DE 33), p. 5 (quoting *Ahrenholz*, 219 F.3d at 676).

The issues presented in B & J Rocket's motion to reconsider do not meet any of these criteria. Even though B & J Rocket characterizes its arguments as involving contestable questions of law, the issues raised by the company's motion and discussed in this order are nothing more than the products of a "failure to communicate," as it were. It may be that some of the court's language in its December 1 order caused confusion, or that B & J Rocket misunderstood the court's reasoning on certain points, or a bit of both. Be that as it may, the court concludes that B & J Rocket's motion fails to present any controlling, contestable questions of law. The Seventh Circuit has admonished district courts to "remember that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Ahrenholz*, 219 F.3d at 677. No such abstract legal issues are present in this case that would warrant certification of an interlocutory appeal. Moreover, interlocutory appeals are generally disfavored in the Seventh Circuit, especially where, as here, the issues presented by the movant "merely reargue[] the case for summary judgment." *Id*. "'Certification is the exception and not the rule.'" *Sandifer*, 2010 WL 61971, at *3 (quoting *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F.Supp. 1078, 1081 (N.D.Ill. 1995)).

**CONCLUSION**

For the reasons discussed above, the "Motion to Reconsider December 1, 2015 Opinion and Order or, Alternatively, to Certify for Interlocutory Appeal" filed by Defendant B & J Rocket America, Inc. (DE 29) is DENIED. A telephonic scheduling conference will be set in this case by separate docket entry.

Date: May 17, 2016.

/s/   William C. Lee

William C. Lee, Judge

U.S. District Court

Northern District of Indiana
